```
ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III
```

| CONSEJO DE TITULARES DEL CONDOINIO ESJ TOWERS<br><br>Apelante<br><br>v.<br><br>VERDE LLC; GARDENIA HOTEL PARTNERS, LLS (ANTES VERDE HOTEL PARTNERS, LLC)<br><br>Apelada | **KLAN202400174** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm. CA2023CV01159 (407)<br><br>Sobre: Injunction Preliminar y Permanente; Ley de Condominios; Daños; y Sentencia Declaratoria |
|---|---|---|

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 26 de abril de 2024.

Comparece ante este foro el Consejo de Titulares del Condominio ESJ Towers (en adelante, Consejo de Titulares o apelantes) y solicita que revisemos la *Sentencia* notificada el 20 de diciembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Carolina. Mediante el referido dictamen, el foro primario declaró *Ha Lugar* una *Moción de Desestimación* por estar prescrita la causa de acción.

Por los fundamentos que se exponen a continuación, **DESESTIMAMOS** el recurso de *Apelación* presentado por falta de jurisdicción.

**I.**

El caso de epígrafe inició el 19 de abril de 2023 con una *Demanda*[1] presentada por el Consejo de Titulares sobre Injction Preliminar y Permanente, Daños y Perjuicios y Sentencia Declaratoria contra Verde LLC (en adelante, Verde LLC), Gardenia Hotel Partners LLC (en adelante, Gardenia Hotel) y otros codemandados. La referida *Demanda* fue enmendada[2], por primera vez, el 10 de julio de 2023 y, por segunda ocasión[3], el 6 de noviembre de 2023.

Sin embargo, el 4 de octubre de 2023, Gardenia había presentado una *Moción de Desestimación* en la cual alegó, en lo pertinente, que la causa de acción estaba prescripta.[4]

Simultáneamente, el 5 de octubre de 2023, el Consejo de Titulares presentó su *Moción en Oposición a Segunda Moción de Desestimación de Gardenia*.[5]

Así las cosas, el 30 de noviembre de 2023, Gardenia presentó *Moción Reiterando la Moción de Desestimación [SUMAC 45]*[6] y, de igual manera, el 6 de diciembre de 2023 el Consejo de Titulares presentó su *Oposición.*[7]

A esos efectos, el 20 de diciembre de 2023, el Tribunal de Primera Instancia notificó *Sentencia* declarando *Ha Lugar* la *Moción de Desestimación* bajo el fundamento de prescripción.[8] La referida *Notificación*[9]

---

[1] *Demanda*, anejo 1, págs. 1-23 del apéndice del recurso.
[2] *Demanda Enmendada*, anejo 23, págs. 364-388 del apéndice del recurso.
[3] Segunda Demanda Enmendada, anejo 56, págs. 1000-1009 del apéndice del recurso.
[4] *Moción de Desestimación*, anejo 36, págs. 700-714 del apéndice del recurso.
[5] *Moción en Oposición a Segunda Moción de Desestimación de Gardenia*, anejo 37, págs. 816-839 del apéndice del recurso.
[6] *Moción Reiterando la Moción de Desestimación [SUMAC 45]*, anejo 60, págs. 1741-1748 del apéndice del recurso.
[7] Oposición a "*Moción Reiterando la Moción de Desestimación [SUMAC 45]*", anejo 62, págs. 1750-1758 del apéndice del recurso.
[8] *Sentencia*, anejo 66, págs. 1766-1790 del apéndice del recurso.
[9] *Íd.*, pág. 1790 del apéndice del recurso.

de la *Sentencia* fue remitida a los siguientes destinatarios:

ANTONIO L. ROIG LORENZO
ANTONIO.ROIG@ONEILLBORGES.COM

JOSÉ A. BAGUÉ SOTO
JBAGUE@DTSLAW.COM

MARÍA DE LOS ÁNGELES LUGO COLOM
MARIA.LUGO@ONEILLBORGES.COM

MONIQUE DÍAZ MAYORAL
M@DIAZMAYORALLAW.COM

VERDE LLC
URB. BIASCOCHEA, GARDENIA 7, CAROLINA, PUERTO RICO, 00979

VERDE LLC
6165 AVE. ISLA VERDE, UNIDAD 169 ADJUNTAS, PUERTO RICO 00979

Conforme a lo anterior, el 21 de diciembre de 2023, la *Notificación* de la *Sentencia* apelada se envió a Verde LLC por correo ordinario.[10] La misma fue devuelta por el Servicio Postal, el 10 de enero de 2024, y reciba en la Secretaria del foro primario, el 17 de enero de 2024.[11]

Pese a lo anterior, el 4 de enero de 2024, el Consejo de Titulares presentó una *Moción de Reconsideración*.[12] La misma fue replicada por Gardenia, el 24 de enero de 2024, mediante la presentación de *Oposición a la Reconsideración [SUMAC 78].*[13]

Ante esto, el 30 de enero de 2024, el Foro Primario notificó *Resolución* en la cual declaró *No Ha Lugar* la *Moción de Reconsideración*.[14]

---

[10] Íd.
[11] *Véase*, Entrada Núm. 91 del expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[12] *Moción de Reconsideración*, anejo 67, págs. 1791-1804 del apéndice del recurso.
[13] *Oposición a la Reconsideración [SUMAC 78]*, anejo 71, págs. 1824-1830 del apéndice del recurso.
[14] *Resolución*, anejo 75, págs. 1844-1845 del apéndice del recurso.

Inconforme, el 26 de febrero de 2024, el Consejo de Titulares presentó el recurso de *Apelación* de epígrafe y estableció cuatro (4) señalamiento de error.

En consecuencia, el 27 de marzo de 2024, Gardenia presentó una *Moción de Desestimación de la Apelación y Oposición a Apelación* mediante la cual alegó que este foro apelativo no tiene jurisdicción debido a que el presente recurso no fue notificado a Verde LLC.

Posteriormente, el 5 de abril de 2024, los apelantes presentaron Respuesta a *Moción de Desestimación y Solicitud para que se Emita Resolución Declarando el Presente Recurso Prematuro por ser Deficiente la Notificación de la Sentencia*. Mediante esta el Consejo de Titulares sostiene que tras corroborar en el foro primario la *Sentencia* apelada fue notificada a Verde LLC a una dirección incorrecta y, por ello, fue devuelta por el Servicio Postal.

Así las cosas, el 19 de abril de 2024, Gardenia presentó *Cumplimiento de Orden y en Réplica a "Respuesta a Moción de Desestimación y Solicitud que se Emita Resolución..."* en la cual solicitó que se desestime el presente recurso con perjuicio y se impongan costas y honorarios al Consejo de Titulares.

A esos efectos, damos por perfeccionado el recurso y procedemos a resolver conforme al expediente de autos y el expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

**II.**

El Tribunal Supremo de Puerto Rico define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias". *SLG Solá-Moreno v. Bengoa Becerra*, 182

DPR 675, 682 (2011); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963). Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia. Más aún, cuando tenemos el deber ineludible de examinar prioritariamente nuestra jurisdicción. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

Si el tribunal carece de jurisdicción, el único curso de acción posible es así declararlo, sin necesidad de discutir los méritos del recurso en cuestión. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). De no hacerlo, la determinación sería nula, por lo que carecería de eficacia. *Morán v. Martí*, 165 DPR 356, 364 (2005).

Como es sabido, los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *SLG Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar.

Es norma reiterada que "[u]na apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007); *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366 (2001). Según se ha definido, un recurso prematuro es uno que se ha presentado en la secretaría de un tribunal apelativo antes de tiempo o antes de que haya comenzado el término para que dicho foro apelativo

pueda adquirir jurisdicción. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008).

Todo recurso presentado prematuramente carece de eficacia y por tanto no produce efecto jurídico alguno. *Íd*. Esto, pues al momento de ser presentado, el tribunal no tiene autoridad para acogerlo. Véase *SLG Szendrey-Ramos v. F. Castillo*, supra; *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 370 (2003); *Juliá et al. v. Epifanio Vidal S.E.,* supra, citando a *Pueblo v. Santana Rodríguez*, 148 DPR 400 (1999).

A nivel apelativo, el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, faculta a este foro a desestimar *motu proprio* un recurso apelativo si se satisface alguno de los criterios contenidos en la Regla 83, 4 LPRA Ap. XXII-B R.83. La referida regla, en lo pertinente, dispone lo siguiente:

> […]
>
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> […]
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) de esta Regla. Véase, además, *Plan de Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714 (2011) y *Dávila Pollock et als. V. R.F. Mortgage*, 182 DPR 86 (2011).

**III.**

Examinado el recurso de epígrafe, concluimos que carecemos de jurisdicción para entrar en los méritos. Esto, pues estamos ante un recurso de revisión judicial prematuro.

El recurso del Consejo de Titulares fue presentado ante esta curia, pese a que a una notificación defectuosa de la *Sentencia* apelada. Conforme al expediente de autos, la referida *Notificación* de la *Sentencia* fue remitida por vía de correo electrónico a todos los representantes legales de las partes y, por vía del correo ordinario, se notificó a Verde LLC. Sin embargo, este Tribunal tomó conocimiento judicial de la devolución que recibió el foro primario sobre la *Notificación* a Verde LLC el 17 de enero de 2024, según la Regla 202 (B)(1) de Evidencia. Por lo tanto, la *Sentencia* apelada no ha advenido final y firme, ante su notificación defectuosa. Sobre este punto, de que estamos ante una notificación defectuosa, ambas partes están de acuerdo y piden la desestimación del recurso por falta de jurisdicción.

Siendo ello así, desestimamos el presente recurso por falta de jurisdicción al haberse presentado prematuramente.

**IV.**

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso de *Apelación* presentado por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones